UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WESTMORELAND REAL ESTATE, L.L.C., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:11CV1648 CDP |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) ) ) ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the court on defendants' motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs Westmoreland Real Estate, L.L.C. and West Moreland Service Inc. (collectively, "Westmoreland") allege claims against four defendants for a due process violation; a taking in violation of the Fifth Amendment of the United States Constitution; a taking in violation of the Missouri state constitution; violation of the National Environmental Policy Act; violation of the New Markets Tax Credit statute; and prima facie tort. Because the plaintiffs' complaint fails to state claims upon which relief may be awarded, I will grant the motions to dismiss.

## Background

According to their complaint, the plaintiffs own and operate a Mobil retail gas station, convenience store, and car wash located at 6020 North Broadway in St. Louis, Missouri.  They allege that in 2002, they were induced by defendants St. Louis Development Corporation (SLDC) and the City of St. Louis to remodel and redevelop their business at substantial cost, on the assurance that they would benefit from industrial development planned for the area.  In March 2011, plaintiffs learned that SLDC had entered into a contract with defendants Love's Travel Stops & Country Stores, Inc. and Green Street Properties Development, L.L.C. to construct a gas station adjacent to plaintiffs' Mobil station.

In April 2011, plaintiffs provided SLDC with an expert study concluding that the planned Love's gas station would "realistically put [plaintiffs'] Mobil out of business."  In May 2011, SLDC and the City publicly announced that they were awarding $9 million in federal New Market Tax Credits to defendants Green Street and Love's for the construction of this new gas station.

On May 25, 2011, the City's Board of Adjustment held a hearing to consider a request for a zoning variance for the Love's project.  Plaintiffs allege that SLDC and the City deliberately failed to notify them about this hearing.

The Zoning Department recommended that the variance be denied, but the Board of Adjustment granted the variance request.

On July 1, 2011, the plaintiffs filed a petition in Missouri state court pursuant to Mo. Rev. Stat. § 89.110, an appeal contesting the decision of the City's Board of Adjustment.[1]  The state case is apparently still pending.  This case was originally filed on September 22, 2011, but the plaintiffs filed an amended complaint on February 2, 2012.[2]

## Discussion

All defendants have moved to dismiss this case for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  When considering a Rule 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes the facts in favor of the plaintiff.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  To avoid dismissal for

---

[1] The statute includes the following language relevant to this case: "Any person or persons jointly or severally aggrieved by any decision of the board of adjustment . . . may present to the circuit court of the county or city in which the property affected is located a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. . . . The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review."  Mo. Rev. Stat. § 89.110.

[2] In addition to several substantive revisions, plaintiffs' amended complaint terminated two defendants that had been included in their original complaint: Mayor Francis Slay and Alderwoman Dionne Flowers.

failure to state a claim, the plaintiff must allege facts sufficient to "raise the right to relief above the speculative level," not merely "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, which, if accepted as true, would state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570; *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010).  Plausible claims allow courts to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In considering whether a claim is plausible, a district court may begin by identifying which of plaintiff's allegations are mere legal conclusions; the court may disregard those conclusions, because they "are not entitled to the assumption of truth." *Id.* at 1950.  The court may then consider the remaining nonconclusory factual allegations to determine whether they give rise to a plausible claim. *Id.*

### I.  Abstention Doctrine: Counts I, II, III, and VI

Defendants first argue that counts I, II, III, and VI should be dismissed under the abstention doctrine because they involve claims that have already been raised in the pending state court action.  Federal courts should abstain from exercising jurisdiction in cases seeking equitable relief, when granting such

relief would interfere with pending state proceedings in a way that offends principles of comity and federalism. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). The following factors must be considered in determining whether the abstention doctrine applies: (1) whether there is an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Although the *Younger* abstention doctrine applies to this case, the state court action cannot grant full relief because of plaintiffs' claim for money damages, so a stay under this doctrine would be more appropriate than dismissal. However, because the complaint fails to state a claim for other reasons, staying this action is not appropriate.

Under the *Younger* abstention doctrine, the first issue is whether there is an ongoing state judicial proceeding. *See Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 480 (8th Cir. 1998) ("In addition to being judicial in nature, *Younger* requires that the state proceeding must be ongoing at the time the district court enters its order regarding abstention."). Here, there is an ongoing

case in Missouri state court, appealing the decision of the Board of Adjustment, which is a "judicial" proceeding. The plaintiffs do not contest this fact in their opposition brief. Thus, the first requirement for abstention is satisfied here.

The second issue relevant to abstention is whether the proceedings implicate important state interests. *Stroud*, 179 F.3d at 602; *Night Clubs*, 163 F.3d at 479. "[I]t is well-established that for abstention purposes, the enforcement and application of zoning ordinances and land use regulations is an important state and local interest." *Night Clubs*, 163 F.3d at 480. As with the first factor, the plaintiffs do not contest the proposition that the proceedings implicate important state interests. Therefore, the second *Middlesex* criterion is also satisfied.

The third and final issue relevant to abstention – and the only one that plaintiffs contest – is whether there is an adequate opportunity to raise constitutional challenges in the state proceeding. *Stroud*, 179 F.3d at 602; *Night Clubs*, 163 F.3d at 479. The question is whether the plaintiff in the federal action "could have raised" or "in fact . . . did raise" his or her federal constitutional claims before the state court. *Night Clubs*, 163 F.3d at 480. The defendants argue that the plaintiffs' primary contention is their failure to receive notice of the Board of Adjustment's hearing, and that claim is included in their

state court petition.  Plaintiffs argue that because the statute only allows the state court to reverse, affirm, or modify the decision of the Board of Adjustment, their constitutional claims and claims for damages cannot be adequately presented in the state proceeding.

The plaintiffs' state court petition only seeks to overturn the decision of the Board of Adjustment, and they did not raise any of their constitutional claims in the state proceeding.  The reviewing state court has statutory authority under Mo. Rev. Stat. § 89.110 to overturn the decision of the Board of Appeals, but it also has general plenary jurisdiction over constitutional claims for declaratory and injunctive relief.  *See St. John's Evangelical Lutheran Church v. City of Ellisville*, 122 S.W.3d 635, 640 (Mo. Ct. App. 2003).  But plaintiffs also seek money damages for the alleged constitutional violations, so it appears that the state court cannot grant the plaintiffs complete relief in that case.

"When monetary damages are sought in addition to injunctive relief and the federal court is not asked to declare a state statute unconstitutional in order to award damages, the case should not be dismissed." *Stroud*, 179 F.3d at 603-04. "As long as there may be issues which will need to be determined in federal court, a stay rather than a dismissal is the preferred procedure to use in abstaining." *Id.* at 604.  The monetary damages sought in plaintiffs' complaint

are not tied to specific counts; rather, the complaint contains a general prayer for damages. Thus, even if abstention is appropriate in this case, a stay appears to be proper, rather than an outright dismissal.

Because I conclude that counts I, II, III, and VI of plaintiffs' complaint fail to state a claim for other reasons, however, I will dismiss these counts without prejudice, rather than issue a stay on abstention grounds.

## II.   Count I: Due Process Violation

The first count in plaintiffs' complaint is a due process violation, brought under 42 U.S.C. § 1983. The only defendants mentioned in Count I of plaintiffs' complaint are the City and SLDC. Defendants argue that plaintiffs' claim against the City must be dismissed because plaintiffs fail to allege facts that would support the existence of an unconstitutional policy or custom. Plaintiffs did not respond to this argument in their opposition brief.

In *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978), the United States Supreme Court held that municipalities may be sued under Section 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality. *Id.* at 690. Although plaintiffs need not identify the specific unconstitutional policy to survive a motion to dismiss, *see*

*Crumpley-Patterson v. Trinity Lutheran Hospital*, 388 F.3d 588, 591 (8th Cir. 2004), they must, at the very least, allege facts that would support the existence of an unconstitutional policy or custom. *Id.*

In their complaint, plaintiffs do not allege any facts that would support the existence of an unconstitutional policy or custom involved in the City's actions in this case. Rather, all of the facts relate to one decision of the Board of Adjustment, as it relates to the specific facts of plaintiffs' case. Therefore, they have not adequately pled a cause of action under §1983 against the City.

As to the § 1983 claim against SLDC, defendants argue that SLDC is not a state actor and that, to the extent that the complaint asserts SLDC's liability on the basis of its status as an agent of the City, the same pleading standard as above also applies to the claim against SLDC. As required for a § 1983 claim against a municipality, "[a] corporation acting under color of state law will be held liable under section 1983 for unconstitutional policies . . . ." *Smith v. Insley's*, 499 F.3d 875, 880 (8th Cir. 2007). "The key inquiry in making this determination is whether the corporation has an unconstitutional policy or custom, or an individual representing the company has taken actions which inflict injuries redressable by section 1983." *Id.*

Plaintiffs' complaint does not allege that SLDC was acting under color of state law, nor does it claim that SLDC executed any unconstitutional policy or custom. Therefore, plaintiffs' complaint also fails to adequately state a claim under § 1983 against defendant SLDC.

Furthermore, even if plaintiffs had identified appropriate defendants against which to bring their due process claims, their complaint does not sufficiently plead a due process violation. Plaintiffs' complaint does not specifically allege whether they are claiming a violation of either substantive or procedural due process. Though I will consider both within the context of the facts alleged, I find that neither type of due process violation is even plausibly supported by the facts in plaintiffs' complaint.

"[T]he theory of substantive due process is properly reserved for truly egregious and extraordinary cases . . . ." *Myers v. Scott Cnty.*, 868 F.2d 1017, 1019 (8th Cir. 1989). Substantive due process may be violated if state action either shocks the conscience or offends judicial notions of fairness or human dignity. *Weimer v. Amen*, 870 F.2d 1400, 1405 (8th Cir. 1989). To meet their burden, plaintiffs must show that the government action complained of is "truly irrational, that is, something more than . . . arbitrary, capricious, or in violation of state law." *Christiansen v. W. Branch Comm. Sch. Dist.*, 674 F.3d 927, 937

(8th Cir. 2012) (citation and internal quotation marks omitted). The Eighth Circuit Court of Appeals rejected a substantive due process claim where city officials allegedly enforced an invalid zoning ordinance, on the grounds that even a bad-faith violation would not be sufficient to sustain a substantive due process claim, but instead would merely present a violation of state law. *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1104 (8th Cir. 1992). In this case, the only allegation in plaintiffs' complaint that can be construed to support a substantive due process violation is that defendants "acted deliberately and with gross indifference to Plaintiffs' rights" in providing development rights and financing to defendants Love's and Green Street and in excepting them from application of the zoning laws. These conclusory allegations simply do not meet the high threshold of a substantive due process violation.

When plaintiffs' allegations are considered as a procedural due process claim, the complaint alleges that the defendants failed to give plaintiffs notice of the Board of Adjustment hearing. In general, it is not necessary for a plaintiff to exhaust state remedies before filing an action under 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477, 480 (1994). However, where the alleged constitutional violation is one of procedural due process, exhaustion of state

remedies is necessary before the allegations can state a claim under § 1983. *Wax'n Works v. City of St. Paul*, 213 F.3d 1016, 1020 (8th Cir. 2000).  In other words, to claim that they were denied due process, the plaintiffs must have at least attempted to pursue the existing state process.  The state process that is available to plaintiffs at this stage of the state proceedings is the appeal of the Board of Adjustment proceeding to the state circuit court.  Mo. Rev. Stat. § 89.110.  Plaintiffs have filed that appeal, and their notice claim is included in that appeal.  However, they have not yet received a final decision by that state circuit court, nor utilized state appellate procedures for challenging any such final decision.  As such, any claim of violation of procedural due process is not ripe for adjudication, and therefore must be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.  *See id.*

## III.  Counts II and III: State and Federal Takings Clause Violations

Count II in plaintiffs' complaint alleges that defendants committed a taking in violation of plaintiffs' rights under the Fifth Amendment of the United States Constitution, and Count III makes the same allegations in asserting a violation of plaintiffs' rights under Article I, Section 26 of the Missouri state constitution. In their motions to dismiss, defendants argue that plaintiffs did not exhaust their

state remedies and that the takings claims are not ripe. Plaintiffs respond by arguing that they need not exhaust state remedies before bringing a takings claim and that their takings claims are ripe for adjudication.

The requirements of exhaustion of state remedies and ripeness in this context are intertwined. In order for a takings claim to be ripe, a landowner must have sought compensation from the state through the available state procedures and been denied such compensation. *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194-95 (1985); *see also San Remo Hotel v. City & Cnty. of San Francisco*, 545 U.S. 323, 342-43 (2005) (holding that landowner must follow *Williamson*'s exhaustion requirement even if it precludes review by a federal court); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040-41 (8th Cir. 2003). The Missouri constitution allows for actions to recover compensation for any takings by the government. Mo. Const. art. I, § 26. Additionally, Missouri allows a party to seek "just compensation" by filing an inverse condemnation claim. *CIS Commc'ns, L.L.C. v. Cnty. of Jefferson*, 177 S.W.3d 848, 850 (Mo. Ct. App. 2005).

Because plaintiffs in this case have not yet been denied just compensation from the state – as evidenced by the filing of their complaint in this court rather

than in state court, as well as their pending state court case – their federal and state takings claims are not ripe for adjudication.  Nor have plaintiffs alleged that the state procedures for seeking just compensation are inadequate.  *See Cormack v. Settle-Beshears*, 474 F.3d 528, 531 (8th Cir. 2007) (explaining that federal courts are barred from considering a takings claim until the plaintiff exhausts his or her state remedies, unless the state's remedies are inadequate or unavailable).  Furthermore, plaintiffs have not even alleged any damages for which such compensation may be due.  *See Marvin E. Nieberg Real Estate Co. v. St. Louis Cnty.*, 488 S.W.2d 626, 630 (Mo. 1973) (holding that a taking under Missouri law requires "an unequivocal, positive act of appropriation or divestment of the proprietary rights of the owner, and a mere plotting or planning in anticipation of a public improvement is not a taking or damaging of the property affected" (citation and internal quotations marks omitted)); *Watson v. City of St. Louis*, 956 S.W.2d 920, 922 (Mo. Ct. App. 1997) (holding that "an action for inverse condemnation requires an invasion or appropriation of some property right," and that "a mere preliminary procedure" is not sufficient).  Plaintiffs do not deny that none of their property has been taken yet and that any damages they may suffer from defendants' construction plans are still

speculative. Therefore, plaintiffs' federal and state takings claims are not ripe for adjudication in this court and will therefore be dismissed without prejudice.

## IV. Federal Law Claims: Counts IV and V

Plaintiffs' complaint contains two additional counts involving violations of federal law, advanced through 42 U.S.C. § 1983. Count IV of plaintiffs' complaint alleges that defendants violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, because they did not obtain an Environmental Assessment or an Environmental Impact Statement, and because the Love's project presents grave environmental concerns. Count V of plaintiffs' complaint alleges a violation of the New Markets Tax Credit Statute, 26 U.S.C. § 45D, because Love's – who will receive $9 million in tax credits – is not a "qualified active low-income community business." The defendants argue that plaintiffs do not have standing to raise these claims because neither statute authorizes a private cause of action. Plaintiffs did not respond to this argument in their response brief, but instead merely repeated the same allegations as those contained in the complaint.

Section 1983 provides the mechanism for enforcing rights secured by the Constitution and laws of the United States and does not confer any substantive rights. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). "Violation of a

federal statute does not automatically give rise to a civil rights claim under § 1983. This is because in order to seek redress through § 1983, . . . a plaintiff must assert violation of a federal right, not merely a violation of federal law." *Frison v. Zebro*, 339 F.3d 994, 998 (8th Cir. 2003) (internal citations and quotation marks omitted). "[N]othing short of an 'unambiguously conferred right' will support a cause of action brought under § 1983." *Id.* at 999 (quoting *Gonzaga*, 536 U.S. at 283). "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga*, 536 U.S. at 286.

The Eighth Circuit Court of Appeals has held that "NEPA does not authorize a private right of action." *Central S.D. Coop. Grazing Dist. v. Sec'y of the U.S. Dept. of Ag.*, 266 F.3d 889, 894 (8th Cir. 2001). The statute "focuses on activities of the federal government and does not require federal review of 'the environmental consequences of private decisions or actions, or those of state or local governments.'" *Goos v. I.C.C.*, 911 F.2d 1283, 1293 (8th Cir. 1990). Because no private right of action is authorized by NEPA, plaintiffs' § 1983 claim based upon such a violation fails as a matter of law. I will therefore dismiss plaintiffs' NEPA claim with prejudice.

For the same reasons, the New Markets Tax Credit statute does not authorize a private right of action.  *See* 26 U.S.C. § 45D.  In order to state a § 1983 claim, plaintiffs must allege that their federal rights were violated, but the statute does not provide plaintiffs with any substantive rights.  Plaintiffs do not explain any other foundation for bringing this action contesting the issuance of tax credits to third parties.  Although it is possible for taxpayers to contest government expenditures to third parties, the Supreme Court has held that tax credits do not qualify as government expenditures so as to establish standing for taxpayers to contest their issuance.  *Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1447-48 (2011).  Therefore, because plaintiffs do not have standing to raise any claim for violation of the New Markets Tax Credit statute, I will dismiss this claim with prejudice.

**V.    Count VI: Prima Facie Tort**

The final count in plaintiffs' complaint alleges a prima facie tort under Missouri law.  In their motions to dismiss, defendants argue that this court should decline to exercise supplemental jurisdiction over this remaining state-law claim and that even if I exercise supplemental jurisdiction, plaintiffs have not adequately pled a claim for a prima facie tort.  Plaintiffs responded to this

argument by merely repeating the elements of a prima facie tort as applied to this case, without additional factual or legal support for their claim.

Although prima facie tort is a valid cause of action under Missouri law, *see Nazeri v. Mo. Valley Coll.*, 860 S.W.2d 303, 315 (Mo. 1993), I need not address this claim on its merits at this time.  "A federal district court has the discretionary power to decline jurisdiction where it has 'dismissed all claims over which it has original jurisdiction.'" *Johnson v. City of Shorewood, Minn.*, 360 F.3d 810, 819 (8th Cir. 2004) (citing 28 U.S.C. § 1367(c)(3)).  Because I have dismissed all of plaintiffs' federal claims, I will exercise my discretion to dismiss this remaining state-law claim in the interest of judicial economy.  Therefore, plaintiffs' claim for prima facie tort will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [#10, #34] are GRANTED.  Counts I, II, III, and VI are dismissed without prejudice, and Counts IV and V are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the motions of defendants Love's and Green Street to adopt the memorandum in opposition to oral argument filed by defendants City and SLDC [#41, #42] are GRANTED.

**IT IS FURTHER ORDERED** that plaintiffs' motion for oral argument [#38] and renewed motion for oral argument [#43] are DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2012.